EXHIBIT "A"

Rodney G. Snow (#3028)
Matthew A. Steward (#7637)
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah  84111-2216
Telephone (801) 322-2516
Facsimile  (801) 521-6280
rgs@clydesnow.com
mas@clydesnow.com

*Attorneys for Plaintiff*

---

IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY

STATE OF UTAH

---

| | | |
|---|---|---|
| VIVINT, INC., a Utah corporation, | : | |
| | : | |
| Plaintiff, | : | **ACCEPTANCE OF SERVICE** |
| | : | |
| v. | : | **(ANTOINE CHAMBERLAND)** |
| | : | |
| SILVERLINE SECURITY, LLC, an Idaho | : | |
| limited liability company, ANTOINE | : | |
| CHAMBERLAND, an individual, DANIEL | : | |
| BARNETT, an individual, LEO | : | Case No. 110401553 |
| MITCHELL, an individual, NICK | : | |
| PULISLE, an individual, BEN | : | |
| SUTHERLAND, an individual, JOSH | : | |
| SUTHERLAND, an individual, JEFF | : | Judge Laycock |
| WILSON, an individual, PAUL | : | |
| WATKINS, an individual, and JOHN | : | |
| DOES, individuals, | : | |
| | : | |
| Defendants. | : | |

---

Defendant Antoine Chamberland, by and through his undersigned counsel of

record, hereby waives formal service of the Summons and accept service of Vivint,

Inc.'s Amended Complaint filed in this action on August 17, 2011 in the above-named

Court.  By waiving service of summons, Defendant does not waive any defenses or

objections to the lawsuit or to the jurisdiction or venue of the court and fully reserve and preserves all of his rights regarding answering or otherwise responding to the Amended Complaint on or before October 2, 2012.

DATED this _____ 26 _____ day of _____ September _____, 2012.

**PRINCE, YEATES & GELDZAHLER**

John S. Chindlund
Justin B. Bradshaw

*Attorneys for Defendant*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2012, I caused a copy of the foregoing **ACCEPTANCE OF SERVICE (ANTOINE CHAMBERLAND)** to be served by email and first class mail, postage prepaid, to the following:

John S. Chinlund
Justin B. Bradshaw
PRINCE, YEATES & GELDZAHLER
15 W. South Temple, Suite 1700
Salt Lake City, UT  84101

Kari J Peck

3



Rodney G. Snow (#3028)
Matthew A. Steward (#7637)
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah  84111-2216
Telephone (801) 322-2516
Facsimile  (801) 521-6280
rgs@clydesnow.com
mas@clydesnow.com

*Attorneys for Plaintiff*

---

IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY

STATE OF UTAH

---

| | | |
|---|---|---|
| VIVINT, INC., a Utah corporation, | : | |
| | : | |
| Plaintiff, | : | **AMENDED COMPLAINT** |
| | : | |
| v. | : | |
| | : | |
| SILVERLINE SECURITY, LLC, an Idaho | : | |
| limited liability company, ANTOINE | : | |
| CHAMBERLAND, an individual, DANIEL | : | |
| BARNETT, an individual, LEO | : | |
| MITCHELL, an individual, NICK | : | Case No. 110401553 |
| PULISLE, an individual, BEN | : | |
| SUTHERLAND, an individual, JOSH | : | Judge Laycock |
| SUTHERLAND, an individual, JEFF | : | |
| WILSON, an individual, PAUL WATKINS, | : | |
| an individual, and JOHN DOES, | : | |
| individuals, | : | |
| | | |
| Defendants. | | |

---

Vivint, Inc. (formerly d.b.a. APX Alarm Security Solutions, Inc.) complains against

Silverline Security, LLC, Antoine Chamberland, Daniel Barnett, Leo Mitchell, Nick Pulisle, Josh

Sutherland, Ben Sutherland, Jeff Wilson, Paul Watkins, and John Doe (collectively the "defendants"), and in support thereof alleges as follows:

## PARTIES

1.      Vivint, Inc. is a Utah corporation with its principal place of business in Utah County, Utah.  Vivint was formerly doing business as APX Security Solutions, Inc. ("APX Alarm").  The names APX Alarm and Vivint are used interchangeably for the purposes of this Complaint.

2.      On information and belief, Silverline Security, LLC ("Silverline") is an Idaho limited liability company with its principal place of business in Salt Lake City, Utah.

3.      On information and belief, Antoine Chamberland ("Chamberland") is an individual who at the time relevant to this Complaint was a sales representative of Silverline.

4.      On information and belief, Daniel Barnett ("Barnett") is an individual who at the time relevant to this Complaint was a sales representative of Silverline.

5.      On information and belief, Leo Mitchell ("Mitchell") is an individual who at the time relevant to this Complaint was a sales representative of Silverline.

6.      On information and belief, Nick Pulisle ("Pulisle") is an individual who at the time relevant to this Complaint was a sales representative of Silverline.

7.      On information and belief, Jeff Wilson ("Wilson") is an individual who at the time relevant to this Complaint was a sales representative of Silverline.

8.      Wilson is a former sales representative of APX Alarm.

9.      On information and belief, Ben Sutherland ("Ben Sutherland") is an individual who at the time relevant to this Complaint was a sales representative of Silverline.

10.     Ben Sutherland is a former sales representative of APX Alarm.

11.     On information and belief, Josh Sutherland ("Josh Sutherland") is an individual who at the time relevant to this Complaint was a sales representative of Silverline.

12.     Josh Sutherland is a former sales representative of APX Alarm.

13.     On information and belief, Paul Watkins ("Watkins") is an individual who at the time relevant to this Complaint was a sales representative of Silverline.

14.     Watkins is a former sales representative of APX Alarm.

15.     On information and belief, John Does ("Does") are individuals who at the time relevant to this Complaint were sales representatives of Silverline.

## JURISDICTION AND VENUE

16.     Jurisdiction is vested in this Court per virtue of Utah Code Ann. § 78a-5-102.

17.     Venue in this Court is proper pursuant to Utah Code Ann. § 78d-3-307.

## FACTS

18.     Vivint is in the business of providing electronic alarm security systems and services to residential and commercial customers throughout the United States and Canada. Vivint and its predecessor have been in business since 1999.

19.     On information and belief, Silverline is also engaged in the business of selling and installing electronic alarm security systems and services.  On information and belief, Silverline does not monitor and service its customers' accounts, but rather sells those accounts to other customers.

3

20.     On information and belief, Vivint and Silverline are competitors for the sale and installation of alarm systems and in the recruitment of personnel including, without limitation, sales representatives, managers, technicians, and administrative personnel.

21.     On information and belief, Chamberland, Barnett, Mitchell, Pulisle, Josh Sutherland, Ben Sutherland, Wilson, Watkins, and Does are current sales representatives for Silverline.

22.     Silverline, through its sales representatives identified below, has interfered with Vivint's economic and contractual relations and used deceptive and false practices to engage in unlawful and unfair competition with Vivint.

### Chamberland

23.     On information and belief, Chamberland has been working for Silverline for the 2011 sales season and continues to work for Silverline.

24.     On or about March 20, 2011, Chamberland solicited a Vivint customer and purposefully attempted to mislead the customer into entering into a contract with Silverline by telling the customer that he would pay off the balance of the Vivint contract. Chamberland then provided a form that the customer realized would contractually obligate her to pay off the contract. The customer called to report the activity.

### Mitchell

25.     On or about April 22, 2011, a Vivint customer in Dayton, Kentucky reported that Silverline sales representative Mitchell misrepresented to the customer that Silverline was the same company as Vivint. When the customer inquired by the yard sign was different, Mitchell responded that Vivint had changed its name to Silverline.

4

## Barnett

26.     On or about April 18, 2011, a Vivint customer in Grand Prairie, Texas reported to Vivint that Barney misrepresented to the customer that Barnett was affiliated with Vivint and was there to switch out the panel suggesting he was authorized to do so by Vivint.

27.     On or about August 4, 2011, a Vivint customer in Waco, Texas reported to Vivint that Barney misrepresented to the customer that Barnett was there to service all of the alarm systems in the area and to upgrade everyone to a wireless chip. Barnett then misrepresented that the customer's Vivint account would be cancelled automatically when the customer signed his paperwork.

## Pulisle

28.     On or about January 25, 2011, a Vivint customer in Nampa, Idaho reported to Vivint that Pulisle misled the customer into signing with Silverline. Pulisle told the customer to call and cancel Vivint but specifically not to mention Silverline.

## Ben Sutherland

29.     On or about November 4, 2008, Ben Sutherland entered into an agreement with APX Alarm for the 2009 summer sales season entitled Summer 2009 APX Alarm Security Solutions, Sales Manager/Direct Seller Agreement (the "2009 Agreement").

30.     Schedule A to the 2009 Agreement contains a non-solicitation provision under which Sutherland agreed not to solicit APX customers for a period of five (5) years after the end of his employment (August 29, 2009).

31.     Ben Sutherland agreed that if he violated the non-solicitation provision that APX Alarm would be entitled to, among other remedies, monetary damages of the monthly monitoring rate (MMR), for the targeted APX Alarm customer, multiplied by Fifty (50).

32.     Schedule A to the 2009 Agreement also contains a confidentiality provision under which Ben Sutherland agreed not to disclose any of APX Alarm's confidential or proprietary information and also agreed not to engage in any unfair competition with APX Alarm during or after the term of the Agreement.

33.     On information and belief, Ben Sutherland began working for Silverline for the 2011 sales season and continues to work for Silverline.

34.     On information and belief, Ben Sutherland has intentionally and repeatedly targeted customers he knows to be Vivint customers in violation of the 2009 Agreement.

### Josh Sutherland

35.     On or about October 8, 2008, Josh Sutherland entered into an agreement with APX Alarm for the 2009 summer sales season entitled Summer 2009 APX Alarm Security Solutions, Sales Manager/Direct Seller Agreement (the "2009 Agreement").

36.     Schedule A to the 2009 Agreement contains a non-solicitation provision under which Josh Sutherland agreed not to solicit APX customers for a period of five (5) years after the end of his employment.

37.     Josh Sutherland agreed that if he violated the non-solicitation provision that APX Alarm would be entitled to, among other remedies, monetary damages of the monthly monitoring rate (MMR), for the targeted APX Alarm customer, multiplied by Fifty (50).

38.     Schedule A to the 2009 Agreement also contains a confidentiality provision under which Josh Sutherland agreed not to disclose any of APX Alarm's confidential or proprietary information and also agreed not to engage in any unfair competition with APX Alarm during or after the term of the Agreement.

39.     On information and belief, Josh Sutherland began working for Silverline for the 2011 sales season and continues to work for Silverline.

40.     On information and belief, Josh Sutherland has intentionally and repeatedly targeted customers he knows to be Vivint customers in violation of the 2009 Agreement.

### Wilson

41.     On or about February 17, 2009, Wilson entered into an agreement with APX Alarm for the 2009 summer sales season entitled Summer 2009 APX Alarm Security Solutions, Sales Manager/Direct Seller Agreement (the "2009 Agreement").

42.     Schedule A to the 2009 Agreement contains a non-solicitation provision under which Wilson agreed not to solicit APX customers for a period of five (5) years after the end of his employment.

43.     Wilson agreed that if he violated the non-solicitation provision that APX Alarm would be entitled to, among other remedies, monetary damages of the monthly monitoring rate (MMR), for the targeted APX Alarm customer, multiplied by Fifty (50).

44.     Schedule A to the 2009 Agreement also contains a confidentiality provision under which Wilson agreed not to disclose any of APX Alarm's confidential or proprietary information and also agreed not to engage in any unfair competition with APX Alarm during or after the term of the Agreement.

7

45.     On information and belief, Wilson began working for Silverline for the 2011 sales season and continues to work for Silverline.

46.     On information and belief, Wilson has intentionally and repeatedly targeted customers he knows to be Vivint customers in violation of the 2009 Agreement.

47.     Wilson targeted a Vivint customer in Indiana that he had sold an account to while Wilson was working for APX Alarm.   Wilson misrepresented to the customer that the customer's APX Alarm contract had expired and that if there was any cancellation fee that Silverline would pay it.

48.     On or about June 14, 2011, Wilson targeted a Vivint customer in Louisville, Kentucky.  Wilson misrepresented to the customer that Vivint was no longer in business and therefore unable to monitor its customers.   Wilson misrepresented that he was sent to switch out the customer's equipment and change the system around.   The customer that reported Wilson's activity indicated that other Vivint customers in his neighborhood had been targeted.

### Watkins

49.     On or about April 2, 2009, Watkins entered into an agreement with APX Alarm for the 2009 summer sales season entitled Summer 2009 APX Alarm Security Solutions, Sales Manager/Direct Seller Agreement (the "2009 Agreement").

50.     Schedule A to the 2009 Agreement contains a non-solicitation provision under which Watkins agreed not to solicit APX customers for a period of five (5) years after the end of his employment.

8

51.     Watkins agreed that if he violated the non-solicitation provision that APX Alarm would be entitled to, among other remedies, monetary damages of the monthly monitoring rate (MMR), for the targeted APX Alarm customer, multiplied by Fifty (50).

52.     Schedule A to the 2009 Agreement also contains a confidentiality provision under which Watkins agreed not to disclose any of APX Alarm's confidential or proprietary information and also agreed not to engage in any unfair competition with APX Alarm during or after the term of the Agreement.

53.     On information and belief, Watkins began working for Silverline for the 2011 sales season and continues to work for Silverline.

54.     On information and belief, Watkins has intentionally and repeatedly targeted customers he knows to be Vivint customers in violation of the 2009 Agreement.

**Does**

55.     On or about October 22, 2010, a Vivint customer in Portsmouth, Virginia reported that a Silverline sales representative (name unknown at this time) misled her into signing a contract with Silverline by falsely promising that he would pay off the balance of her Vivint account, which he did not.

56.     On or about May 20, 2011, a Vivint customer in Louisville, Kentucky reported that a Silverline sales representative (name unknown at this time) stated that the customer did not have an alarm contract because it had been three years and told the customer that the representative would cancel any Vivint contract.  The customer felt misled into signing a contract with Silverline.

57.     On or about August 4, 2011, a Vivint customer in Louisville, Kentucky reported that a Silverline sales representative (name unknown at this time) misrepresented to the customer that her Vivint account was expired, or out of contract, when the customer's contract term still had two years remaining.

58.     On or about August 4, 2011, a Vivint customer in Louisville, Kentucky reported that a Silverline sales representative (name unknown at this time) misrepresented to the customer that Silverline and Vivint are the same company and misled the customer to believe that he was renewing his Vivint contract.

**FIRST CAUSE OF ACTION**
(Intentional Interference with Economic Relations)
(Against Silverline, Chamberland, Barnett, Mitchell, Pulisle, Josh Sutherland, Ben Sutherland, Wilson, Watkins, and Does (collectively the "defendants"))

59.     Vivint incorporates by reference the allegations contained in the preceding paragraphs.

60.     The defendants have intentionally engaged in conduct intended to damage or interfere with Vivint's existing and potential economic and business relations, all for their sole benefit and to the detriment of Vivint.

61.     The defendants' interference with Vivint's actual and prospective economic relationships is without justification, is for an improper purpose, and/or was conducted by improper means, including, but not limited to misrepresentations made to Vivint's customers.

62.     The defendants' actions have caused, are causing and will continue to cause injury to Vivint's business.

63.     As a result of the defendant's actions, Vivint has suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
(Intentional Interference with Contractual Relations)
(Against Silverline, Chamberland, Barnett, Mitchell, Pulisle, Josh Sutherland, Ben Sutherland, Wilson, Watkins, and Does (collectively the "defendants"))

64.     VivintAlarm incorporates by reference the allegations contained in the preceding paragraphs.

65.     Vivint has a contractual relationship with its customers.

66.     The defendants knew of the existence of the contractual relationship and intended to interfere or disrupt the performance under the contract(s).

67.     The defendants intentionally interfered with the performance under the contract(s), either disrupting performance or making performance more difficult or expensive.

68.     As a result of their actions, Vivint has suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
(Unfair Business Practices)
(Against Silverline, Chamberland, Barnett, Mitchell, Pulisle, Josh Sutherland, Ben Sutherland, Wilson, Watkins, and Does (collectively the "defendants"))

69.     Vivint incorporates by reference the allegations contained in the preceding paragraphs.

70.     The defendants' interference with Vivint's economic relations constitutes unfair methods of competition in commerce or trade.

71.     The defendants' unfair methods of competition have injured Vivint and caused it to suffer damages in an amount to be determined at trial.

11

72.     Pursuant to the Utah Unfair Practices Act (Utah Code Ann. §§ 13-5-1 through -18) and as a result of the defendants' conduct, Vivint is entitled to injunctive relief, an award of damages, and an award of treble damages.

## FOURTH CAUSE OF ACTION
### (Deceptive Practices/False Advertising)
(Against Silverline, Chamberland, Barnett, Mitchell, Pulisle, Josh Sutherland, Ben Sutherland, Wilson, Watkins, and Does (collectively the "defendants"))

73.     Vivint incorporates by reference the allegations contained in the preceding paragraphs.

74.     The statements and misrepresentations made by the defendants constitute deceptive sales practices and/or false advertising in violation of Utah Code § 13-11a-1, *et seq.*

75.     Vivint is entitled to injunctive relief, damages, corrective advertising by the defendants, and an award of attorney's fees and costs.

## FIFTH CAUSE OF ACTION
### (Unfair Competition under the Lanham Act)
(Against Silverline, Chamberland, Barnett, Mitchell, Pulisle, Josh Sutherland, Ben Sutherland, Wilson, Watkins, and Does (collectively the "defendants"))

76.     Vivint incorporates by reference the allegations contained in the preceding paragraphs.

77.     The defendants used a word, term, name, symbol or combination thereof in interstate commerce which was likely to cause confusion regarding an association between the defendants' employer and Vivint.

78.     The defendants used a word, term, name, symbol or combination thereof in interstate commerce to misrepresent the nature, characteristics, or qualities of Vivint's goods and services.

79.    The defendants' actions have injured Vivint and caused it to suffer damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
(Breach of Contract)
(Against Josh Sutherland, Ben Sutherland, Wilson, and Watkins)

80.    Vivint incorporates by reference the allegations contained in preceding paragraphs.

81.    Josh Sutherland's 2009 Agreement constitutes a binding and enforceable legal contract.

82.    Ben Sutherland's 2009 Agreement constitutes a binding and enforceable legal contract.

83.    Wilson's 2009 Agreement constitutes a binding and enforceable legal contract.

84.    Watkins' 2009 Agreement constitutes a binding and enforceable legal contract.

85.    APX Alarm fully and timely performed its obligations under the Agreements. Under the Agreements, Sutherland and England had an obligation to not solicit APX Alarm customers and to not disclose any confidential or proprietary information and to not engage in unfair competition with APX Alarm. Ben Sutherland, Josh Sutherland, Wilson, and Watkins breached their obligations under their respective Agreements.

86.    As a direct and proximate result of Ben Sutherland, Josh Sutherland, Wilson, and Watkins' breaches of their respective Agreements, Vivint has suffered damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract)
(Against Josh Sutherland, Ben Sutherland, Wilson, and Watkins)

87.     Vivint incorporates by reference the allegations contained in the preceding paragraphs.

88.     Under Utah law, every contract entered into within the State of Utah contains an implied covenant of good faith and fair dealing that prohibits a contracting party from intentionally depriving the other contracting party of the fruits of the contract.

89.     Through their respective conduct, specifically identified above, Josh Sutherland, Ben Sutherland, Wilson, and Watkins breached the implied covenant of good faith and fair dealing.

90.     Josh Sutherland, Ben Sutherland, Wilson, and Watkins's acts and omissions were executed intentionally to deprive APX Alarm from receiving the fruits of the 2009 Agreements.

91.     Josh Sutherland, Ben Sutherland, Wilson, and Watkins' breaches of the implied covenants of good faith and fair dealing completely and proximately caused Vivint to suffer damages in an amount to be determined at trial.

## EIGHT CAUSE OF ACTION
### (Injunctive Relief)
(Against Silverline, Chamberland, Barnett, Mitchell, Pulisle, and Does (collectively the "defendants"))

92.     Vivint incorporates by reference the allegations contained in the preceding paragraphs.

93.     Vivint will suffer immediate and irreparable injury and damage to its existing and future business unless the Court immediately and permanently enjoins the defendants from intentionally interfering with Vivint's economic relations, from unfairly competing with Vivint,

14

and against Ben Sutherland, Josh Sutherland, Wilson and Watkins to prevent their continued breach of their 2009 Agreements.

94.    The harm threatened to Vivint, including its loss of goodwill, outweighs any damage such an injunction might cause the defendants and such an injunction would not be adverse to the public interest.

95.    There is a substantial likelihood that Vivint will prevail on the merits of its claims for relief in this case and the case present serious issues on the merits which should be the subject of further litigation.

96.    As such, the Court should enter an injunction against the defendants from making false and misleading statements about Vivint, from representing themselves as Vivint representatives, from otherwise interfering with Vivint's economic relations, from continuing its unfair business practices as it relates to Vivint, and against Ben Sutherland, Josh Sutherland, Wilson and Watkins to prevent their continued breach of their 2009 Agreements.

JURY DEMAND

Vivint requests trial by jury.

PRAYER FOR RELIEF

WHEREFORE, on each of its Causes of Action, Vivint prays for judgment in its favor and against the defendants as follows:

1.    For damages in an amount to be proven at trial;

2.    For treble damages where allowed by law;

3.    For exemplary damages where allowed by law;

15

4.      For a preliminary and permanent injunction against all of the defendants from making false and misleading statements about Vivint, from representing themselves as Vivint representatives, from otherwise interfering with Vivint's economic relations, from continuing its unfair business practices as it relates to Vivint, and against Ben Sutherland, Josh Sutherland, Wilson and Watkins to prevent their continued breach of their 2009 Agreements.

5.      For an award of costs, attorney fees, and interest; and

6.      For such other relief as the Court deems just and reasonable under the circumstances.

DATED this _15__ day of August, 2011.

CLYDE SNOW & SESSIONS

Matthew A. Steward
*Attorneys for Plaintiff*

16