John S. Chindlund (0625) jsc@princeyeates.com
Justin B. Bradshaw (13650) jbb@princeyeates.com
PRINCE, YEATES & GELDZAHLER
15 West South Temple, Suite 1700
Salt Lake City, Utah  84101
Telephone:  (801) 524-1000
Facsimile:  (801) 524-1098

*Attorneys for Defendants Anton Chamberlain,*
*Silverline Security, LLC, and Josh Sutherland*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC., a Utah corporation<br><br>      Plaintiff,<br><br>v.<br><br>SILVERLINE SECURITY, LLC, an Idaho limited liability company, ANTOINE CHAMBERLAND, an individual, DANIEL BARNETT, an individual, LEO MITCHELL, an individual, NICK PULISLE, an individual, BEN SUTHERLAND, an individual, JOSH SUTHERLAND, an individual, JEFF WILSON, an individual, PAUL WATKINS, an individual, and JOHN DOES, individuals,<br><br>      Defendants. | **ANSWER OF ANTON CHAMBERLAIN TO AMENDED COMPLAINT**<br><br><br><br>Case No.  2:12-00915-DAK<br>Judge: Kimball |

Defendant Anton Chamberlain ("Chamberlain") by and through his undersigned counsel, answers Plaintiff's Amended Complaint as follows:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Chamberlain responds as follows to the correspondingly numbered paragraphs of the Amended Complaint.

1.      Admits that Plaintiff is a Utah corporation doing business in Utah County, Utah.

2.      Admits that Silverline Security, LLC ("Silverline") is an Idaho limited liability company with its principal place of business in Salt Lake City, Utah.

3.      Admits.

4.      Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

5.      Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

6.      Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

7.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

8.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

9.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

10.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

11.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

12.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

13.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

14.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

15.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

16.     Admits that this Court has jurisdiction in this matter.

17.     Admits that venue is proper in this Court.

18.     Admits that Plaintiff is in the business of providing electronic alarm security systems and services to residential customers but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

19.     Admits the first sentence.  With respect to the second sentence, admits that Silverline sells a majority of its accounts but alleges that it retains a small number of accounts in house.

20.     Admits that Plaintiff and Silverline are competitors for the sale and installation of alarm systems, but lacks sufficient information to form a belief as to the truth of the assertion that they are "competitors" for recruitment of personnel and therefore deny this allegation.

21.     Admits that Chamberlain is a current sales representative for Silverline, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

22.     Denies.

23.     Admits.

24.     Denies that on or about March 20, 2011, he purposefully attempted to mislead a Vivint Customer into entering into a contract with Silverline by telling the

4

customer that he would pay off the balance of the Vivint contract.  Chamberlain lacks of

sufficient knowledge or information to form a belief as to the truth of the remaining

allegations and therefore denies the same.  Chamberlain also affirmatively alleges that on

or about March 20, 2011, his next door neighbor and friend, Allison Simmons, asked

Chamberlain to sell her a Silverline security system, because her current system did not

provide full protection and she wanted an upgrade.  Chamberlain explained to Ms.

Simmons that she would be responsible for cancelling with her prior security company,

but that Silverline would reimburse her for the cancellation charges, which it did.

25.     Denies on the basis that he lacks sufficient knowledge or information to

form a belief as to the truth of the allegations.

26.     Denies on the basis that he lacks sufficient knowledge or information to

form a belief as to the truth of the allegations.

27.     Denies on the basis that he lacks sufficient knowledge or information to

form a belief as to the truth of the allegations.

28.     Denies on the basis that he lacks sufficient knowledge or information to

form a belief as to the truth of the allegations.

29.     Denies on the basis that he lacks sufficient knowledge or information to

form a belief as to the truth of the allegations.

5

30.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

31.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

32.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

33.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

34.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

35.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

36.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

37.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

38.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

39.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

40.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

41.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

42.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

43.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

44.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

45.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

46.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

47.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

48.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

49.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

50.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

51.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

52.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

53.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

54.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

55.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

56.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

57.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

58.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

59.     Chamberlain incorporates his answers to the preceding paragraphs.

60.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

61.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

62.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

63.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

64.     Chamberlain incorporates his answers to the preceding paragraphs.

65.     Denies for lack of sufficient knowledge or information.

66.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

67.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

68.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

69.     Chamberlain incorporates his answers to the preceding paragraphs.

70.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

71.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

72.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

73.     Chamberlain incorporates his answers to the preceding paragraphs.

74.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

75.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

76.     Chamberlain incorporates his answers to the preceding paragraphs.

77.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

78.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

79.     Denies as to Chamberlain and lacks sufficient knowledge or information to form a belief as to the truth of such allegations regarding the other defendants and therefore denies the same.

80.     Chamberlain incorporates his answers to the preceding paragraphs.

81.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

82.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

83.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

84.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

85.     Denies for lack of sufficient knowledge or information.  Additionally, paragraph 85 purports to make allegations against a person by the name of "England" who is not named in this lawsuit.

86.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

87.     Chamberlain incorporates his answers to the preceding paragraphs.

88.     This paragraph asserts a conclusion of law to which Defendant Chamberlain is not required to respond.  To the extent that Defendant Chamberlain is required to respond, he denies the allegations.

89.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

90.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

91.     Denies on the basis that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

92.     Chamberlain incorporates his responses to the preceding paragraphs.

93.     Denies.

94.     Denies.

95.     Denies.

96.     Denies.

### THIRD DEFENSE

Plaintiff's action against Chamberlain is without merit and not brought or asserted in good faith and Chamberlain is therefore entitled to an award of his reasonable attorneys fees pursuant to Utah Code Ann. § 78B-5-825.

### FOURTH DEFENSE

Plaintiff's claims against Chamberlain for punitive damages are barred because his acts or omissions were not the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

## FIFTH DEFENSE

Plaintiff's claims of intentional interference with economic relations and contractual relations are barred because Chamberlain did not act for an improper purpose or by improper means.

## SIXTH DEFENSE

All claims against Chamberlain are barred, because Chamberlain did not engage in any improper behavior in the solicitation of any of Plaintiff's customers.

## SEVENTH DEFENSE

Plaintiff's claims for deceptive practices/false advertising are barred against Chamberlain because Chamberlain did not engage in any deceptive, misleading, or false advertising practices in Utah.

## EIGHTH DEFENSE

Plaintiff, by its acts and/or omissions, has waived and/or is estopped to assert all or some of its claims against Chamberlain.

## NINTH DEFENSE

All or some of Plaintiff's claims are or may be barred by the equitable doctrine of unclean hands.

## TENTH DEFENSE

Plaintiff's claims for punitive damages against Chamberlain are barred to the extent that such claims are not based on tort, because Utah law does not permit punitive damages for such claims.

## ELEVENTH DEFENSE

Plaintiff's unfair business practices claim is barred because the Amended Complaint fails to allege, and Chamberlain never engaged in, any conduct that violates the specific provisions of the Utah "Unfair Practices Act," including, but not limited to, 1) discrimination in price between different purchasers of commodities of like grade and quality, and/or 2) sales of commodities for use, consumption, or resale within the State of Utah.

## TWELFTH DEFENSE

Plaintiff's claims against Chamberlain are barred as they are an improper attempt to restrain trade.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its damages, if any.

## **FOURTEENTH DEFENSE**

Chamberlain denies each and every allegation contained in paragraphs 1-96 of the Amended Complaint not specifically admitted herein above.

## **DEMAND FOR JURY**

Chamberlain requests a trial by jury.

WHEREFORE, having fully answered the Amended Complaint, Chamberlain demands that the Amended Complaint be dismissed, with prejudice and on the merits; that Vivint take nothing by way thereof; that Chamberlain be awarded his costs; that Chamberlain be awarded reasonable attorney fees in connection with his defense of this action pursuant to Utah Code Ann. § 78B-5-825, this action being without merit and not brought or asserted in good faith; and Chamberlain demands such other and further relief as shall be proper.

**DATED** this 2nd day of October, 2012.

PRINCE, YEATES & GELDZAHLER


By: _____/s/ John S. Chindlund_____
        John S. Chindlund
        Attorneys for Defendants
        Anton Chamberlain, Josh Sutherland, and
        Silverline Security, LLC

*Certificate of Service*

I hereby certify that on **October 2, 2012,** I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

- **John S. Chindlund**
  jsc@princeyeates.com,geniel@princeyeates.com,docket@princeyeates.com
- **Rodney G. Snow**
  rgs@clydesnow.com,dhales@clydesnow.com
- **Matthew A. Steward**
  mas@clydesnow.com,kpeck@clydesnow.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

No manual participants.

_____ /s/ John S. Chindlund _____
John S. Chindlund

4838-8042-2161, v. 1

4838-8042-2161, v. 1